UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR IVY BROWN,                  :
                                   :
            Plaintiff,             :
                                   :
      v.                           :     Civil Action No. 11-1922 (BAH)
                                   :
RAYMOND EDWIN MABUS, JR.,          :
Secretary of the Navy,             :
                                   :
            Defendant.             :

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. # 8]. For the reasons discussed below, the defendant's motion will be granted.

I.  BACKGROUND

The plaintiff prevailed in a race discrimination suit against the Navy, and "the gross amount of the damages . . . was $ 121,706.64." Compl. ¶ 4. The Navy "ha[d] the statutory authority to collect taxes . . . in accordance with the Internal Revenue Code," *id*. ¶ 5, and "paid the bulk of the monies ordered to be paid . . . via check drawn on the Treasury [o]f [t]he United States dated 7 April 1988 . . . in the amount of $80,839.30," *id*. ¶ 2.[1] In addition, the Navy

---

[1] The Court entered a judgment in the plaintiff's favor, ordered the Navy to "install [him] as a Management Analyst, GS-11, as of December 27, 1982," and awarded "him . . . compensation equal to the difference between what he would have earned if he had held that position from that date until October 1, 1987, and what plaintiff, in fact, earned from any government and private employment." *Brown v. U.S. Dep't of the Navy*, No. 86-1582, 1987 U.S. Dist. LEXIS 13263, at *14 (D.D.C. Sept. 30, 1987). "In April, 1988 the defendant provided the plaintiff with detailed computations indicating that the gross amount of damages from CA 86-

withheld $2,727.00 in Social Security taxes for tax year 1988. *Id.* ¶¶ 7-8. This amount was reflected in written notices from the Social Security Administration in November 1997 and November 2001, *id.*, but the plaintiff's "W-2 Wage and Tax Statement for the tax year 1988 [did] not reveal that any Social Security taxes were withheld from any of the monies due and payable to the plaintiff" from the damages award. *Id.* ¶ 9.

According to the plaintiff, from December 27, 1982, through December 31, 1988, he "was covered by the Civil Service Retirement System ('CSRS') which entailed the payment of monies into the CSRS and not into the general Social Security Fund . . ., also known as [t]he Federal Insurance Contribution Act ('FICA')." *Id.* ¶ 12. He thus was not obligated to pay Social Security taxes for tax year 1988, *id.* ¶¶ 10-11, and in September 2004, the Navy acknowledged that "money was erroneously deposited into funds of the [FICA]," *id.* ¶ 13. The plaintiff since has attempted, without success, to recover $2,727.00 from the federal government through the Office of Personnel Management, *id.* ¶¶ 21-22, the Equal Employment Opportunity Commission, *id.* ¶ 23, and the Internal Revenue Service, *id.* ¶ 24. In addition, in 2003, the plaintiff submitted a written request to the Navy for reimbursement. Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem."), Ex. 6 (Letter to plaintiff from Joel M. Rosen, Senior Associate Counsel, Office of General Counsel, Defense Finance and Accounting Service, Department of Defense, dated December 3, 2003) at 1. After "an exhaustive search" for relevant pay records, the plaintiff's request was denied. *Id.*, Ex. 6 at 1.

In this action, plaintiff again demands reimbursement of the $2,727.00 erroneously withheld from him in 1988. He alleges that the Navy has improperly "seized monies due and

---

1582 was $121,706.64." Compl. ¶ 4.

payable . . . in violation of the Constitution, Amendment IV," Compl. ¶ 26, and has, in effect, "assessed" a tax on him "in the amount of $2,727.00, in violation of Art. I, Sec. 8 of the Constitution," *id.* ¶ 27, and in violation of the Constitution, Amendment XVI," *id.* ¶ 29.  In addition to a declaratory judgment, the plaintiff "asks that this Court order the defendant to return the sum of $2,727.00 to [him], with accrued interest, compounded monthly and retroactive to 1 January 1989."  *Id.* at 7 (Prayer for Relief, Count I); *see id.* at 8-9 (Prayer for Relief, Counts II, III and IV).

The plaintiff has sought reimbursement previously in this Court.  In 1990, the plaintiff filed a civil action "based on defendant's alleged retaliatory actions against [him] stemming from his successful Title VII suit," and he demanded "$121,706.64 in damages, the amount which was awarded to him in his original Title VII suit," notwithstanding the plaintiff's acknowledgment "that this amount was previously paid by the defendant as ordered."  *Brown v. Garrett*, No. 90-1003, 1990 U.S. Dist. LEXIS 13062, at *1 (D.D.C. Sept. 28, 1990).  The complaint, which the Court described as a "long and rambling" document of "29 pages and . . . over 80 paragraphs, some of which [were] more than a page long," was dismissed for its failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  *Id.*

On August 16, 2002, the plaintiff filed a motion in his long-closed Title VII case to cite the Navy for contempt because of its alleged failure to comply with the September 30, 1987 Order "award[ing] back pay for the position [the plaintiff] was denied, less any amount that he actually earned" during the relevant time period.  Memorandum, *Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. filed Aug. 11, 2003) at 1.  The Court denied the plaintiff's motion, *see* Order, *Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. filed Aug. 11, 2003), and explained its decision as follows:

> The evidence submitted by [plaintiff] does raise the *possibility* that $2,727.00 might have been deducted from his back pay amount. However, [he] has not produced the 'clear and convincing' evidence needed to hold the Navy in contempt for non-compliance with the Order. Specifically, three essential facts have not been established: (1) whether the back pay amount actually paid out to [plaintiff] fell short of the expected amount; (2) whether the $2727.00, if it was in fact deducted, was taken from the back pay amount, or from [his] regular salary for 1988; and (3) whether Form 7005, which refers to "*estimated* Social Security taxes paid," is an accurate reflection of *actual* Social Security taxes paid.

Memorandum, *Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. filed Aug. 11, 2003) at 3-4 (emphasis in original). The United States Court of Appeals for the District of Columbia Circuit summarily affirmed this decision. *Brown v. U.S. Dep't of the Navy*, No. 03-5290, 2004 U.S. App. LEXIS 5442 (D.C. Cir. Mar. 22, 2004).

## II.  DISCUSSION

The defendant moves to dismiss and argues that the doctrine of *res judicata* bars the plaintiff from relitigating issues that have been raised or that could have been raised in prior proceedings. *See generally* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss at 5-8.[2] The plaintiff responds that "[t]he actual cause of action as set forth in the Complaint stems from the notification by the Social Security Administration ('SSA') that the Defendant assessed the Plaintiff taxes which he was not obligated to pay, thereby violating the Plaintiff's rights under the Constitution." Pl.'s Mem. in Supp. of his Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. [Dkt. #9] at 1. He characterizes his claim as one for "misappropriation of the monies in question." *Id.* at 2. Because the plaintiff "has never litigated an issue of Constitutional law in the Court," he asserts that *res judicata* does not apply. *Id.* at 8.

---

[2] Because the only matters outside the pleadings considered by the Court are those of which it may take judicial notice, the Court does not treat the defendant's motion as one for summary judgment.

4

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (quoting 1B J. Moore, *Moore's Federal Practice*, ¶ 0.410[1] (1983)).  Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits in a prior suit involving the same parties bars subsequent suits based on the same cause of action.  *See Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'"  *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004) (quoting *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002)).  Parties are thus prevented from relitigating in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment.  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously" (citation omitted)).

Without question, the plaintiff's claim to $2,727.00 arises from the judgment entered in his favor in the prior Title VII suit against the Department of the Navy.  The plaintiff's opportunity to litigate the amount owed to him pursuant to that judgment – and the $2,727.00 allegedly withheld from him and erroneously paid in Social Security taxes on his behalf in 1988 – has come and gone.  Indeed, the plaintiff's 2002 contempt motion was denied after plaintiff had an opportunity to prove that the defendant did not comply with the judgment in the Title VII suit.  Here, the plaintiff merely recharacterizes his claim as one for "misappropriation" of funds in violation of the United States Constitution.  He alleges "no new facts," and instead "simply

5

rais[ed] a new legal theory. This is precisely what is barred by *res judicata.*" *Apotex,* 393 F.3d at 217-18.

The Court concludes that the plaintiff's claims are barred by the doctrine of *res judicata*. *See Peters v. District of Columbia*, _ F. Supp. 2d _, _, 2012 WL 1255139, at *9 (D.D.C. Apr. 16, 2012) (applying *res judicata* even though "the causes of action here are not identical to the causes of action in the prior suit" because "[t]he factual allegations underpinning [plaintiff's] current claims mirror those in the dismissed action"); *Ramos v. Dominican Republic*, No. 12-0481, 2012 WL 1067562, at *1 (D.D.C. Mar. 22, 2012) (stating that plaintiff "cannot avoid application of the doctrine [of res judicata] by adding . . . a new party defendant or by presenting a new legal theory"); *Duma v. JP Morgan Chase*, 828 F. Supp. 2d 83, 86 (D.D.C. 2011) (finding that, because the issue of lender's right to initiate foreclosure proceedings "necessarily was decided by [the bankruptcy judge's] order" relieving lender of automatic stay, "[a]ny challenge to the validity of [lender's] Proof of Claim could have – and should have – been raised in the bankruptcy court"). Accordingly, the defendant's motion to dismiss will be granted.

An Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

DATE: September 21, 2012